**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMES PUTNAM**                                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:13cv204-LG-JMR**

**RON KING**                                                        **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion requesting Court to Take
Judicial Notice [30] to add a claim concerning the lighting in his cell. James Putnam [Putnam]
filed an Administrative Remedy Request in June 2013, in which he provides he is unable to draft
pleadings and study case law without eye strain. [30.] Putnam's complaint, filed April 30, 2013,
is a petition for *habeas corpus* relief. [1.]

Motions to amend a *habeas corpus* petition are governed by Rule 15(a) of the Federal
Rules of Civil Procedure. *See* 28 U.S.C. § 2242 ¶ 3 (application for writ of *habeas corpus* "may
be amended or supplemented as provided in the rules of procedure applicable to civil actions.")
Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before
a responsive pleading is served. Otherwise, the party may amend only by leave of court, which
"shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Zenith Radio Corp. v.
Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Because the Defendant filed an answer to
the petition in this case, leave of court is required here. In determining whether leave should be
granted, the *habeas* court should consider several factors, including undue delay, undue
prejudice to the opposing party, and futility of amendment. *See Foman v. Davis,* 371 U.S. 178,
182 (1962). The decision whether to grant leave to amend is discretionary with the court. *Parish
v. Frazier,* 195 F.3d 761, 763 (5th Cir. 1999).

A prisoner challenging the very fact or duration of his imprisonment may obtain relief
only with a writ of *habeas corpus. Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). The proper

remedy "for a state prisoner who is making a constitutional challenge to the *conditions* of his prison life," is an action pursuant to 42 U.S.C. § 1983. *Johnson v. Pfeiffer,* 821 F.2d 1120, 1123 (5th Cir. 1987). Plaintiff's proposed claim presented in his motion to take judicial notice involve events unrelated to those advanced in his *habeas* petition. Accordingly, the Court recommends that the motion to take judicial notice [30] should be denied.[1]

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 20, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 6th day of November, 2013.

_s/ John M. Roper, Sr._

CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1]Of course, Plaintiff is free to pursue these claims in a separate lawsuit.