**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JAMES PUTNAM**                                                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:13cv204-LG-JMR**

**RON KING**                                                                        **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before this court on the Petition [1] for Writ of *Habeas Corpus* filed by

James Putnam [Putnam], pursuant to 29 U.S.C. § 2254. A response to the petition was filed on

behalf of the Defendant, Ron King [King] on July 15, 2013, seeking to dismiss the petition. [14.]

The Court, having been advised in the premises and having considered the entire record,

including the lodged state court record, recommends that Putnam's Petition for Writ of *Habeas*

*Corpus* should be dismissed.

Also pending before the Court are motions filed by Putnam which include a motion

defining issues [20]; two motions to submit information to negate pleading [24, 27]; two motions

requesting Court construe motion as an amendment [25, 26]; a motion to substitute party [35]

and a motion seeking to inform [36]. The Court recommends that those motions be denied as

moot.

## STATEMENT OF THE CASE

Putnam has a long history within the court system since Putnam entered a guilty plea to

armed robbery; unlawful possession of a firearm or weapon by a convicted felon; and

embezzlement in the Circuit Court of Harrison County, Mississippi on December 18, 1997. [14-

1.] Putnam was sentenced to serve a term of twenty (20) years for armed robbery; one (1) year

for possession of a firearm by a convicted felon; and five (5) years for embezzlement to be

served concurrently with Federal Case number 1:97cr3-PR, day for day, without parole or

probation in the custody of the Mississippi Department of Corrections [MDOC]. [14-1.] Putnam,

proceeding *pro se*, filed a petition for Post-Conviction Relief [PCR] in the Circuit Court of

Harrison County, Mississippi. [14-2.] That court vacated the habitual offender portion of

Putnam's sentences.[14-2, p. 7.] Putnam appealed the final decision of the circuit court and the

Mississippi Court of Appeals affirmed the trial court's decision. *Putnam v. State*, 877 So.2d 468

(Miss. App. 2003), *reh'g denied* March 30, 2004, *cert. denied* July 15, 2004. [14-4.]

Putnam's *pro se* petition for *habeas corpus* in this case[1] challenges the administration of

his sentence because Putnam asserts that the armed robbery sentence is being served day for day,

without credit for any earned time. [1.] In addition, he seeks the following relief:

Ground One: Subtract time from his sentence to account for earned time to which he claims entitlement.

Ground Two: Award him trusty time from January 17, 2007, forward.

Ground Three: Award him meritorious time earned from November 2011 to December 2012.

Ground Four: Immediate release from MDOC custody.

[1, p. 16.]

The court record in this case shows that as of June 21, 2013, the motion for PCR on the

issue of the administration of Putnam's sentence was pending in the Hinds County Circuit Court.

[14-12.]

## ANALYSIS

According to the respondent, Putnam's claims are barred from review in a federal *habeas*

proceeding because he failed to present these claims to the Mississippi Supreme Court. [14, p.

---

[1]Putnam previously filed a *habeas* petition in *Putnam v. Rios*, 5:07cv510-DCB-MTP in which he asserted he was being denied good time credit. That petition was dismissed without prejudice as unexhausted. Putnam also filed a *habeas* petition challenging his guilty plea and sentence in *Putnam v. Dove*, 1:04cv593, which was dismissed as untimely.

4.] Putnam has not given the state one full opportunity to resolve any constitutional issues through the state's appellate review process, because his appeal of the ARP is currently pending in the Hinds County Circuit Court, and he has not received a decision on that appeal which he could appeal, if necessary, to the Mississippi Supreme Court. [14, p. 6.] Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a federal *habeas* applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997); *Carter v. Estelle,* 677 F.2d 427, 442-4 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied,* 501 U.S. 1235 (1991).

The evidence before the Court establishes that Putnam's motion for PCR on the issue of the administration of Putnam's sentence is still pending in the Hinds County Circuit Court. [14-12.] The Court, therefore, recommends that Putnam's petition for writ of *habeas corpus* be dismissed without prejudice for failure to meet the exhaustion requirement. This recommendation renders Putnam's motion defining issues [20]; two motions to submit information to negate pleading [24, 27]; two motions requesting Court construe motion as an amendment [25, 26]; a motion to substitute party [35] and a motion seeking to inform [36] moot, and the Court further recommends that the motions be denied as such.

## **CONCLUSION**

Based on the forgoing analysis, this Court recommends that the Respondent's motion to

Dismiss [14] be granted and that Putnam's Petition [1] for Writ of *Habeas Corpus* be dismissed for failure to exhaust. The Court further recommends Putnam's motion defining issues [20]; two motions to submit information to negate pleading [24, 27]; two motions requesting Court construe motion as an amendment [25, 26]; a motion to substitute party [35] and a motion seeking to inform [36] be denied as moot.

In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than January 2, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 19th day of December, 2013.


_____s/ John M. Roper, Sr._____
CHIEF UNITED STATES MAGISTRATE JUDGE