IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES F. PUTNAM                                          PLAINTIFF

v.                                            CAUSE NO. 1:13CV204-LG-JMR

RON KING                                              DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** are the Motion to Dismiss for Failure to Exhaust or, in the alternative, for Lack of Merit [14] filed by Ron King on July 15, 2013, the Report and Recommendation [37] entered by Chief United States Magistrate Judge John M. Roper, Sr., on December 19, 2013, and several Motions [20, 24, 25, 26, 27, 35, 36] filed by James F. Putnam. Judge Roper recommended that the petition for writ of habeas corpus filed by Putnam should be dismissed for failure to exhaust state remedies and that King's Motion to Dismiss should be granted. Putnam filed an Objection, arguing that he should be excused from the exhaustion requirement due to the state court's delay in adjudicating his claims. In an Order [42] entered on February 4, 2014, the Court required King to respond to the Objection. King argues that Putnam should not be excused from the exhaustion requirement, because he caused some of the delay. Putnam submitted a reply on February 27, 2014. After reviewing the submissions of the parties and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court.

## FACTS

Putnam pled guilty to armed robbery and other charges on December 18, 1997. He was sentenced to serve twenty years for the armed robbery conviction. On September 21, 2005, he filed a petition for post-conviction relief in the Circuit Court of Harrison County. The petition was dismissed on April 5, 2006 for lack of jurisdiction.

On June 19, 2007, the Mississippi Court of Appeals held that the circuit court erred in finding that it lacked jurisdiction, but Putnam was required to first exhaust his administrative remedies. A few days prior, Putnam had filed a complaint with the Mississippi Department of Corrections' Administrative Remedy Program (A.R.P.). This complaint was denied, and Putnam appealed the A.R.P.'s decision to the Circuit Court of Yazoo County on May 30, 2007. The case was dismissed for improper venue. On April 14, 2011, the Mississippi Supreme Court held that the Yazoo County Circuit Court should not have dismissed Putnam's case but should have transferred it to the proper venue, Hinds County, Mississippi.

Putnam's case was transferred to Hinds County on or about May 25, 2011. Putnam has filed over forty motions and at least two amended complaints in the case. No orders have been entered, and the case remains pending. On April 30, 2013, Putnam filed the present habeas corpus petition. King has filed a Motion to Dismiss arguing, inter alia, that Putnam has failed to exhaust state remedies. Putnam claims that he exhausted his administrative remedies, or in the alternative, he should be excused from the exhaustion requirement, because his

state court action has been pending without resolution for almost seven years.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act prohibits a federal court from granting a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly present to the highest state court." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). "The exhaustion of state remedies, codified in § 2254(b)(1), requires a petitioner to provide the highest court of the state a fair opportunity to apply the controlling federal constitutional principles to the same factual allegations before a federal court may review any alleged errors." *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008). A claim that is fairly presented to the highest state court is exhausted, "even if the state court fails to address the federal claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). However, the claim must have been presented to the state's highest court "in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Putnam first claims that he presented the issues now before this Court to the Mississippi Supreme Court when he appealed the dismissal of his case for lack of venue. In its opinion concerning Putnam's appeal, the Mississippi Supreme Court explained:

> Putnam appeals to this Court, raising the following issues: 1) whether

> the circuit court erred in dismissing his complaint for improper venue; and 2) whether Putnam has been denied his constitutional right to equal protection by not receiving earned time on his sentence. Because we find that venue was proper in the First Judicial District of Hinds County, we reverse and remand this case for transfer to that circuit-court district. Because Putnam's first issue is dispositive of this appeal, we do not discuss his second issue.

*Putnam v. State*, 63 So. 3d 547, 549 (¶2) (Miss. 2011). Since Putnam filed his case in the wrong venue, the trial court was not able to address the merits of his claims. When Putnam appealed the trial court's dismissal for lack of venue, the only issue properly before the Mississippi Supreme Court was venue. After the appeal, Putnam's case was transferred to the proper court, where it remains pending. As a result, Putnam has not exhausted his state remedies.

Putnam argues in the alternative that he should be excused from exhausting state remedies due to the fact that his case has been proceeding through the state court for almost seven years without resolution. The Fifth Circuit has held that the exhaustion requirement does not apply "where the state system inordinately and unjustifiably delays review so as to impinge upon a petitioner's due process rights." *Johnson v. Roberts*, No. 96-60153, 95 F.3d 48, *2 (5th Cir July 1, 1996) (quoting *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A mere one-year dormancy in state court can be sufficient to excuse the exhaustion requirement. *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978). "In analyzing exhaustion in each case, however, courts are to excuse noncompliance with the exhaustion doctrine only if the inordinate delay is wholly and completely the fault of the state." *Deters*, 985 F.2d at 796.

In the present case, the delay was not wholly and completely the fault of the state.  As King correctly argues, some of the delay resulted from Putnam filing his case in the wrong venue.  After Putnam's case was transferred to the proper venue, he filed over forty motions and at least two amended complaints.  Although it is a matter of concern that the Hinds County Circuit Court has taken no action whatsoever in Putnam's case, Putnam's excessive filings and amendments have inevitably overwhelmed the court and contributed to the delay in adjudicating his claims.  Since some of the delay has been caused by Putnam, this Court cannot excuse him from exhausting his administrative remedies.  As a result, Judge Roper's recommendation that Putnam's case should be dismissed for lack of exhaustion is adopted as the opinion of this Court, and King's Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation entered by Chief United States Magistrate Judge John M. Roper, Sr., is adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [37] entered by Chief United States Magistrate Judge John M. Roper, Sr., is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motions [20, 24, 25, 26, 27, 35, 36] filed by James F. Putnam are **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss for Failure to Exhaust or, in the alternative, for Lack of Merit [14] filed by Ron King is **GRANTED**. The petition for writ of habeas corpus filed by James F. Putnam is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 3rd day of March, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE